UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No.** 17 CR 0082 |
| | § | **UNDER SEAL** |
| **KEEBLE LOVALL** | § | |
| **TAMIKA SHAW** | § | |
| **Defendants** | § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

### A. INTRODUCTION

At all times material to this Indictment:

### THE MEDICARE PROGRAM

1.     The Medicare Program ("Medicare") was a federally funded health insurance program that provided health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS) an agency of the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were often referred to as Medicare "beneficiaries."

2.      Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3.      Medicare Part B helped pay for certain physician services, outpatient services, and other services, including diagnostic testing, etc. that were medically necessary and were ordered by licensed medical doctors or other qualified health care providers.

## THE MEDICAID PROGRAM

4.      The Medicaid program is a state-administered health insurance program funded by the United States Government and by the State of Texas.   The Medicaid program helps pay for reasonable and necessary medical procedures and services provided to individuals who are deemed eligible under state low-income programs.   The Texas Medicaid program is a cooperative federal-state program to furnish medical assistance to the indigent.   The State of Texas contracts with Texas Medicaid & Healthcare Partnership (hereinafter referred to as TMHP) to process and pay claims submitted by health care providers.

## THE DEFENDANTS

5.      KEEBLE LOVALL, defendant herein, was the owner of Your Health EMS and resided in Richmond, Texas.

2

6.     TAMIKA SHAW, defendant herein, was a licensed Emergency Medical Technician (EMT); the Managing Employee and Delegated Official for Your Health EMS and resided in Manvel, Texas.

## B. <u>THE CONSPIRACY</u>

7.     Beginning in or about December 2010, the exact time being unknown and continuing thereafter to in or about May 2012, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**KEEBLE LOVALL and
TAMIKA SHAW,**

did knowingly and willfully combine, conspire, confederate and agree with each other and other persons known and unknown to the grand jury to commit and aid and abet certain offenses against the United States:

To violate the Health Care Fraud statute, that is, to knowingly and willfully execute and attempt to execute, a scheme and artifice: (1) to defraud a health care benefit program; namely the Medicare and Medicaid programs; and (2) to obtain, by means of material false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program, namely Medicare and Medicaid, in connection with the delivery of and payment for health care

3

benefits, items and services, violation of Title 18, United States Code Section 1347.

## C. OBJECT OF THE CONSPIRACY

8.      It was an object of the conspiracy that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by falsely and fraudulently representing to Medicare that certain services and procedures were performed for Medicare beneficiaries when in fact the defendants well knew the services and procedures were not being performed or were not medically necessary.

## D. MANNER AND MEANS

It was a part of the conspiracy that:

9.      Defendant KEEBLE LOVALL would and did use Your Health EMS, which he created on November 3, 2008 by filing and Assumed Name Certificate with the Harris County Clerk for Keeble Lovall d/b/a Your Health EMS, as the ambulance company which allegedly transported eligible patients and billed those services to Medicare and Medicaid beginning in December 2010.

10.     Defendant KEEBLE LOVALL would and did use Keeble Lovall d/b/a Your Health EMS, to file a Medicare Enrollment Application on August 7, 2009 to provide ambulatory services transports, to obtain the Medicare provider number necessary to falsely bill for non-eligible transports beginning in December 2010.

4

11.    Defendant KEEBLE LOVALL would and did use Keeble Lovall d/b/a Your Health EMS, to file a Medicaid Enrollment Application on September 23, 2009 to provide ambulatory services transports, to obtain the Medicaid provider number necessary to falsely bill for non-eligible transports beginning in December 2010.

12.    Defendant TAMIKA SHAW would and did sign the Keeble Lovall d/b/a Your Health EMS Medicare Enrollment Application on July 30, 2009 as a Delegated Official, which was used to obtain the Medicare provider number necessary to falsely bill for non-eligible transports beginning in December 2010.

13.    Defendant KEEBLE LOVALL would and did open checking account number *2428, in the name of Keeble Lovall d/b/a Your Health EMS, at JP Morgan Chase Bank (JPMC) on July 24, 2009 for the purpose of receiving Medicare and Medicaid payments for medical services allegedly provided by Your Health EMS including the payments for the falsely billed non-eligible transports beginning in December 2010.

14.    Defendant KEEBLE LOVALL would and did use the Electronic Funds Transfer Authorization Agreement he filed with Medicare on August 18, 2009, for the purpose of designating JPMC Bank checking account number *2428 ("Your Health EMS JPMC account") as the account authorized to receive the direct deposit

5

of Medicare payments for medical services allegedly provided by Your Health EMS including the payments for the falsely billed non-eligible transports beginning in December 2010.

15.     Defendant TAMIKA SHAW would and did falsely bill Medicare and Medicaid for the non-eligible ambulance transports beginning in December 2010.

16.     Defendants KEEBLE LOVALL and TAMIKA SHAW would and did falsely bill Medicare and Medicaid for ambulance transports to psychiatric treatment facilities known as Partial Hospital Hospitalization Programs (PHP) beginning in December 2010.

17.     Defendant KEEBLE LOVALL would and did purchase a passenger van from Lucky Star Motors for $9452.61on October 28, 2011.

18.     Defendants KEEBLE LOVALL and TAMIKA SHAW would and did falsely bill Medicare and Medicaid for ambulance transports to psychiatric treatment facilities known as PHPs using the passenger van beginning in November 2011.

19.     Defendant KEEBLE LOVALL would and did pay defendant TAMIKA SHAW directly a total of $141,928.64 during the course of the conspiracy.

20.     Defendant TAMIKA SHAW would and did cause her sister to open JP Morgan Chase Savings account *6342 in the sister's name, on December 22, 2011, to hold funds for SHAW she received for referring patients to LOVALL.

21.     Defendant KEEBLE LOVALL would and did pay defendant TAMIKA SHAW indirectly through her sister's JPMC account *6342 a total of $106,563.98 from December 30, 2011 through April 27, 2012.

22.     Defendants, KEEBLE LOVALL and TAMIKA SHAW, would and did cause Medicare and Medicaid to be billed $3,441,708.00 for ambulance transports, which were never provided or which were not medically necessary.

23.     Defendants, KEEBLE LOVALL and TAMIKA SHAW, would and did cause Medicare to directly deposit approximately $1.3 million to Your Health EMS JPMC account *2428 for ambulance transports, which were never provided or which were not medically necessary. All in violation of Title 18, United States Code, Section 1349.

24.     Defendants, KEEBLE LOVALL and TAMIKA SHAW, would and did cause Medicaid to directly deposit approximately $43,170.85 to Your Health EMS JPMC account *2428 for ambulance transports, which were never provided or which were not medically necessary.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TWENTY-FIVE
### (Health Care Fraud)
### 18 U.S.C. § 1347

## A. INTRODUCTION

At all times material to this Indictment:

1.      Paragraphs 1 through 6 of Section A of Count One are realleged and incorporated as though fully set forth herein.

2.      Beginning in or about December 2010, defendants,

### KEEBLE LOVALL and
### TAMIKA SHAW,

caused Medicare to be billed, and aided and abetted the billing of Medicare and Medicaid, for medical services which either were not provided or were not medically necessary. As a result of this unlawful scheme, Medicare paid out in excess of $1.3 million based on the false and fraudulent claims.

## B. PURPOSE OF THE SCHEME TO DEFRAUD

3.      It was a purpose of the scheme to defraud that the defendants and others known and unknown to the Grand Jury unlawfully enrich themselves by falsely and fraudulently representing to Medicare that certain services and procedures were performed for Medicare/Medicaid beneficiaries when in fact the defendants well knew the services and procedures either were not being performed or were not medically necessary.

8

## C. <u>MANNER AND MEANS</u>

4.      Paragraphs 9 through 24 of Section D of Count One of this Indictment are realleged and incorporated as though fully set forth herein.

## D. <u>HEALTH CARE FRAUD</u>

5.      Beginning in or about December 2010, and continuing thereafter to in or about May 2012, in the Houston Division of the Southern District of Texas and elsewhere, defendants,

**KEEBLE LOVALL and**
**TAMIKA SHAW,**

aided and abetted by each other and others known and unknown to the grand jury, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain by means of material, false and fraudulent pretenses, representations, and promises, any of the money and property owned by, and under the custody and control of, a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, to wit; on or about the below listed dates, the defendants listed caused to be submitted false and fraudulent claims to Medicare and by crossover to Medicaid:

| CT | DEFENDANT(S) | PATIENT INITIALS | PATIENT MEDICARE NO. | DATE OF CLAIM | CLAIM NUMBER | AMOUNT BILLED | FALSE CLAIM |
|---|---|---|---|---|---|---|---|

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2 | Keeble Lovall Tamika Shaw | C.W. | 2513A | 2/18/12 | 912051055140 | $630 | Services not provided/not medically necessary |
| 3 | Keeble Lovall Tamika Shaw | C.W. | 2513A | 2/29/12 | 912060010060 | $630 | Services not provided/not medically necessary |
| 4 | Keeble Lovall Tamika Shaw | C.W. | 2513A | 3/31/12 | 212114268500 | $630 | Services not provided/not medically necessary |
| 5 | Keeble Lovall Tamika Shaw | M.L. | 2623A | 2/18/12 | 912051055210 | $510 | Services not provided/not medically necessary |
| 6 | Keeble Lovall Tamika Shaw | M.L. | 2623A | 3/20/12 | 812101427690 | $510 | Services not provided/not medically necessary |
| 7 | Keeble Lovall Tamika Shaw | M.L. | 2623A | 4/18/12 | 212132577110 | $510 | Services not provided/not medically necessary |
| 8 | Keeble Lovall Tamika Shaw | R.L. | 9722A | 2/20/12 | 912051001600 | $546 | Services not provided/not medically necessary |
| 9 | Keeble Lovall Tamika Shaw | R.L.. | 9722A | 3/13/12 | 812094418380 | $546 | Services not provided/not medically necessary |
| 10 | Keeble Lovall Tamika Shaw | R.L. | 9722A | 4/17/12 | 212131282960 | $546 | Services not provided/not medically necessary |
| 11 | Keeble Lovall Tamika Shaw | P.P. | 5869C4 | 2/27/12 | 912058034550 | $630 | Services not provided/not medically necessary |
| 12 | Keeble Lovall Tamika Shaw | P.P. | 5869C4 | 3/26/12 | 812107823420 | $630 | Services not provided/not medically necessary |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 13 | Keeble Lovall Tamika Shaw | P.P. | 5869C4 | 4/18/12 | 212132577000 | $630 | Services not provided/not medically necessary |
| 14 | Keeble Lovall Tamika Shaw | R.H. | 1669A | 2/29/12 | 912060010040 | $594 | Services not provided/not medically necessary |
| 15 | Keeble Lovall Tamika Shaw | R.H. | 1669A | 3/31/12 | 212114268440 | $594 | Services not provided/not medically necessary |
| 16 | Keeble Lovall Tamika Shaw | R.H. | 1669A | 4/18/12 | 212132577060 | $594 | Services not provided/not medically necessary |
| 17 | Keeble Lovall Tamika Shaw | D.R. | 8353D | 3/16/12 | 212099462860 | $630 | Services not provided/not medically necessary |
| 18 | Keeble Lovall Tamika Shaw | D.R. | 8353D | 4/2/12 | 212115409500 | $630 | Services not provided/not medically necessary |
| 19 | Keeble Lovall Tamika Shaw | D.R.. | 8353D | 4/18/12 | 212132576980 | $630 | Services not provided/not medically necessary |
| 20 | Keeble Lovall Tamika Shaw | B.S. | 9613C1 | 3/31/12 | 212114268700 | $546 | Services not provided/not medically necessary |
| 21 | Keeble Lovall Tamika Shaw | B.S. | 9613C1 | 4/28/12 | 812143111500 | $546 | Services not provided/not medically necessary |
| 22 | Keeble Lovall Tamika Shaw | B.S. | 9613C1 | 5/2/12 | 812147340470 | $546 | Services not provided/not medically necessary |
| 23 | Keeble Lovall Tamika Shaw | D.K. | 7139C2 | 3/31/12 | 212114268720 | $546 | Services not provided/not medically necessary |

11

| 24 | Keeble Lovall Tamika Shaw | D.K. | 7139C2 | 4/23/12 | 812136265120 | $546 | Services not provided/not medically necessary |
| 25 | Keeble Lovall Tamika Shaw | D.K. | 7139C2 | 5/2/12 | 812147340510 | $546 | Services not provided/not medically necessary |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS TWENTY-SIX THROUGH THIRTY-ONE

### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity - 18 U.S.C. § 1957)

1.       On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant

### KEEBLE LOVALL

aided and abetted by others, known and unknown, did knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is health care fraud in violation of Title 18, United States Code, Section 1347, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 26 | 2/23/12 | Transfer of $40,000 from JPMC account *2428 in the name of Keeble Lovall d/b/a Your Health EMS to JPMC account *7309 in the name of Keeble Lovall |
| 27 | 2/23/12 | Transfer of $40,000 from JPMC account *2428 in the name of Keeble Lovall d/b/a Your Health EMS to JPMC account *7317 in the name of Keeble Lovall |
| 28 | 2/23/12 | Transfer of $50,000 from JPMC account *2428 in the name of Keeble Lovall d/b/a Your Health EMS to JPMC account *4814 in the name of Keeble Lovall |
| 29 | 5/4/12 | Transfer of $50,000 from JPMC account *2428 in the name of Keeble Lovall d/b/a Your Health EMS to JPMC account *7317 in the name of Keeble Lovall |

| 30 | 5/7/12 | Transfer of $60,000 from JPMC account *2428 in the name of Keeble Lovall d/b/a Your Health EMS to JPMC account *7317 in the name of Keeble Lovall |
| 31 | 5/10/12 | Transfer of $70,000 from JPMC account *2428 in the name of Keeble Lovall d/b/a Your Health EMS to JPMC account *7317 in the name of Keeble Lovall |

All in violation of Title 18, United States Code, Section 1957 and 2.

## COUNT THIRTY-TWO
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity - 18 U.S.C. § 1957)

1.      On or about the date set forth below, in the Houston Division of the

Southern District of Texas and elsewhere, the defendant

**TAMIKA SHAW**

aided and abetted by others, known and unknown, did knowingly engage and

attempt to engage in monetary transactions by, through, or to a financial institution,

affecting interstate or foreign commerce, in criminally derived property of a value

greater than $10,000, such property having been derived from a specified unlawful

14

activity, that is health care fraud in violation of Title 18, United States Code, Section

1347, as follows:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 32 | 11/2/12 | Transfer of $82,840.45 from JPMC account *9178 to JPMC account *0458 in the name Tamika Shaw, Custodian for T.G. |

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(7)

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States

gives notice to defendants

**KEEBLE LOVALL and
TAMIKA SHAW**

that upon conviction of conspiracy in violation of Title 18, United States Code,

Sections 1349 or of a violation of Title 18, United States Code, Section 1347, all

property, real or personal, which constitutes or is derived, directly or indirectly, from

gross proceeds traceable to such offenses, is subject to forfeiture.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States

gives notice to defendants

**KEEBLE LOVALL and
TAMIKA SHAW**

15

that upon conviction of a violation of Title 18, United States Code, Section 1957, all property, real or personal, involved in such money laundering offenses or traceable to such property, is subject to forfeiture.

## MONEY JUDGMENT

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the defendants may be jointly and severally liable.

## SUBSTITUTE ASSETS

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants;

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture, pursuant to Title 21, United States

16

Code, Section 853(p), and as incorporated by reference in Title 18, United States

Code, Section 982(b)(1).

A TRUE BILL

Original signature on File

FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Albert A. Balboni
Assistant United States Attorney

17